# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JUSTIN MICHAEL ROVILLO MONSON,

Defendant-Appellant.

UNPUBLISHED
October 21, 2014

No. 316025
Oakland Circuit Court
LC No. 2012-241653-FC

Before: STEPHENS, P.J., and TALBOT and BECKERING, JJ.

PER CURIAM.

Following a jury trial, defendant appeals as of right his convictions of armed robbery (two counts), MCL 750.529, and possession of a firearm during the commission of a felony (felony firearm; two counts), MCL 750.227b. Defendant was sentenced to 13 to 40 years in prison for the armed robbery convictions and two years in prison for the felony-firearm convictions. We affirm.

## I. FACTUAL BACKGROUND

This case arises from the robbery of a Tim Horton's restaurant on December 16, 2007, by two armed men wearing ski masks and snow goggles. Police learned of defendant's involvement two years later while investigating an October 2009 robbery of a drug dealer at a Mr. B's restaurant. Defendant committed the Mr. B's robbery with his friend Drew Moultrup and two others. Moultrup was arrested the day after the Mr. B's robbery and soon after signed a proffer agreement whereby he agreed to provide new information if he was not charged with other crimes based upon that information. Pursuant to that agreement, Moultrup told law enforcement about defendant's involvement in the 2007 armed robbery at the Tim Horton's restaurant. Defendant was an employee of Tim Horton's at the time of the robbery.

Admission of evidence regarding defendant's prior involvement in the robbery at the Mr. B's restaurant during his jury trial for the Tim Horton's robbery is the primary basis for defendant's appeal.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

-1-

Defendant raises several claims that he received ineffective assistance of counsel at trial. Because defendant did not preserve these claims by moving in the trial court for a new trial or evidentiary hearing, *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973); *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009), this Court's review is for plain error affecting defendant's substantial rights, *People v Carines*, 460 Mich 750, 766-768; 597 NW2d 130 (1999).

To support an ineffective assistance of counsel claim, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that counsel's deficient performance prejudiced the defendant. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). A defendant must overcome the strong presumption that counsel's performance constituted sound trial strategy. *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002) (citation omitted).

Defendant first argues that his trial counsel was ineffective because he failed to request a mistrial each time the prosecutor made impermissibly prejudicial remarks in his opening statement and questioned witnesses regarding the Mr. B's robbery. "A mistrial is warranted only when an error or irregularity in the proceedings prejudices the defendant 'and impairs his ability to get a fair trial.'" *People v Waclawski*, 286 Mich App 634, 708; 780 NW2d 321 (2009), quoting *People v Bauder*, 269 Mich App 174, 195; 712 NW2d 506 (2005). Our review of the record reveals that the prosecutor never stated or even implied that defendant had been involved in the Mr. B's robbery. Rather, the prosecutor mentioned that robbery as it related to witness Moultrup and elicited testimony that Moultrup had been involved as a means of informing the jury why Moultrup was cooperating with law enforcement regarding the Tim Horton's robbery. Moultrup testified that he committed the Mr. B's robbery with friends, but he never testified that defendant was one of those friends. Defendant also objects to Moultrup's testimony about their friendship as implying that defendant was one of the participants in the Mr. B's robbery, however evidence about Moultrup's friendship with defendant was relevant to show why defendant would have confided in Moultrup about the Tim Horton's robbery.

Defendant further specifically objects to the prosecutor's opening statement in which the prosecutor told the jury that defendant and Moultrup had "both done some really, really dumb things" that had "come back to bite" defendant. The prosecutor also stated, "Way back in October of 2010 [sic], Drew Moultrup and three others decided to bring firearms to the meeting where they were expecting to buy marijuana[.]" The prosecutor never stated that Moultrup participated in the Tim Horton's robbery or that defendant participated in the Mr. B's robbery. Although the prosecutor stated that Moultrup and defendant "shared" the fact that they both had done dumb things, he did not state that they had done those dumb things together or that they had committed robberies together. The prosecutor did not name defendant as one of the friends who assisted Moultrup in the Mr. B's robbery. Accordingly, taking these statements in context, they were not improper and do not constitute the basis for a mistrial. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Further, there is nothing to suggest that defense counsel's decision not to object on the record was not a part of his trial strategy. The improper mention of a defendant's prior

conviction may be prejudicial to the defendant but does not necessarily warrant a mistrial. *People v Griffin*, 235 Mich App 27, 36; 597 NW2d 176 (1999) overruled on other grounds by *People v Thompson*, 477 Mich 146, 148; 730 NW2d 708 (2007). "[T]here are times when it is better not to object and draw attention to an improper comment." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008) (citation omitted). This Court will not substitute its judgment for that of counsel on matters of trial strategy, nor use the benefit of hindsight when assessing counsel's competence. *Id.* at 242-243.

Defendant next argues that defense counsel should have moved for a mistrial when the prosecutor asked Moultrup about certain details of the Mr. B's robbery and whether he had testified in that case. Moultrup's testimony about his involvement in the Mr. B's robbery was relevant to show why he was arrested and cooperated with law enforcement, how the police got the information that led to defendant's arrest, and why Moultrup was testifying against defendant, who was his friend. Moultrup's testimony that he had committed an armed robbery was likely more beneficial to the defense because it impacted Moultrup's credibility. It is entirely reasonable that defense counsel could have decided not to object as part of his trial strategy.

Defendant also objects to the prosecutor's question to Deputy Bach when the prosecutor mistakenly referred to the Mr. B's robbery and then corrected his error: "And were you responding to the robbery that had occurred at Mr. B's —excuse me, Mr.—at—at Tim Horton's?" However, there is no evidence that this misstatement was deliberate. Defendant made the same mistake as the prosecutor when he testified, saying "Marcus had asked me if I heard about Mr. B's—or not Mr. B's, excuse me, about Tim Horton's . . . ." Finally, the prosecutor's statement was not prejudicial because it did not indicate or imply that defendant had been connected to the Mr. B's robbery.

Defendant further argues that defense counsel should have moved for a mistrial when the prosecutor questioned him about his earlier statement that he would not rob a place where he worked. Defendant apparently contends that this statement implied to the jury that defendant would rob a place where he did not work and thus was involved in the Mr. B's robbery. Although the prosecutor did question defendant about his prior statement, that statement was not improper. Defendant was able to answer the question without mentioning his prior conviction and thus there was no basis for his counsel to move for a mistrial.

Finally, even assuming that the prosecutor's statements and questions were improper, they did not warrant a mistrial. Defendant has not demonstrated that his defense counsel's performance was deficient or prejudicial, *Strickland*, 466 US at 687, and there were legitimate strategic reasons for defense counsel not to request a mistrial. For these reasons, defendant has also failed to establish any plain error that affected his substantial rights regarding his attorney's failure to request a mistrial after certain statements made by the prosecutor and questions posed by the prosecutor to witnesses.

Next, defendant argues that his trial counsel was ineffective because he failed to file a motion in limine pursuant to MRE 404(b) and MRE 609 to ensure that defendant's conviction for the Mr. B's robbery would not be admitted at his current trial, either through the prosecutor's direct questioning of other witnesses or attempts to impeach defendant's testimony on cross

examination. However, because evidence of defendant's prior robbery conviction was not admitted under either MRE 404(b) or MRE 609, defendant was not prejudiced by defense counsel's failure to move in limine to exclude such evidence.

Next, defendant argues that defense counsel was ineffective in his cross-examination of Drew Moultrup because counsel failed to elicit testimony about Moultrup's armed robbery conviction even though Moultrup's credibility was a paramount factor in the trial. However, both attorneys elicited testimony from Moultrup that he committed a robbery at Mr. B's with three associates, that he pleaded guilty to a lesser offense, that he was testifying pursuant to a proffer agreement, and that his sentence was contingent on his truthful testimony. It would not have assisted the defense to ask further questions on the subject. "Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Defendant has failed to demonstrate that his defense counsel's questioning of Moultrup was ineffective or constituted plain error that affected his substantial rights.

## III. PROSECUTORIAL MISCONDUCT

Defendant next argues that the prosecutor committed misconduct when he repeatedly pursued broad issues unrelated to the charged offenses, specifically matters related to defendant's prior conviction, and tried to shift the burden of proof to defendant during cross-examination.

This Court reviews prosecutorial misconduct claims on a case-by-case basis to determine whether the defendant received a fair and impartial trial. *People v Mann*, 288 Mich App 114, 119; 792 NW2d 53 (2010). "The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial." *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). "The defendant bears the burden of demonstrating that such an error resulted in a miscarriage of justice." *Id.* "Review of alleged prosecutorial misconduct is precluded unless the defendant timely and specifically objects, except when an objection could not have cured the error, or a failure to review the issue would result in a miscarriage of justice." *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003). Because the challenged prosecutorial statements in this case were not preserved by contemporaneous objections and requests for curative instructions, defendant's claim is reviewed for outcome-determinative, plain error. *Carines*, 460 Mich at 763-764. "[W]e cannot find error requiring reversal where a curative instruction could have alleviated any prejudicial effect." *Callon*, 256 Mich App at 329-330.

Defendant argues prosecutorial misconduct based upon the same remarks and questions challenged in defendant's claims of ineffective assistance of counsel. Specifically, defendant argues that the prosecutor engaged in misconduct by intentionally and improperly making remarks and eliciting evidence about defendant's prior armed robbery conviction. As previously discussed, the prosecutor did not refer to defendant's conviction for the robbery at Mr. B's restaurant during his opening statement nor did he elicit testimony about defendant's involvement in that robbery. Moultrup testified only about his own involvement in the Mr. B's robbery, and that testimony was necessary to show the jury why Moultrup was cooperating with law enforcement and was relevant to his credibility. Finally, the prosecutor's question to defendant regarding his statement that he would not rob the place where he worked did not imply

that defendant robbed places where he did not work. In any case, defendant cured any prejudice from this question by answering that he would not commit robbery anywhere.

Even if this Court were to find that the prosecutor improperly informed the jury that defendant was involved in the Mr. B's robbery, defendant failed to meet his burden of showing outcome-determinative plain error. *Unger*, 278 Mich App at 235. Defendant has not demonstrated that a curative instruction could not have alleviated any prejudicial effect that may have occurred from the prosecutor's remarks or questions. *Id.* Further, the trial court instructed the jury that the lawyers' statements, questions, and arguments were not evidence and that they "should only accept things the lawyers say that are supported by the evidence," thus mitigating any possible prejudice that may have occurred because of the prosecutor's remarks.

Additionally, the prosecutor's allegedly improper statements and questions were unlikely to have changed the outcome of the trial because strong evidence was presented that defendant committed the Tim Horton's armed robbery. Moultrup testified that defendant borrowed his rifle the day before the robbery and Darbe testified that defendant and Johnson borrowed snow goggles from him on the day of the robbery. One of the men who robbed the Tim Horton's restaurant carried a rifle and both of the robbers wore snow goggles that matched the color of the lenses of the goggles that Darbe lent defendant and Johnson. Additionally Moultrup and Robert Mantha, the owner of the restaurant, identified defendant and Johnson from the surveillance video. Both Darbe and Moultrup testified that defendant told them that he and Johnson had committed the robbery, and they were able to describe details regarding the robbery (for example, that one of the employees jumped out of the drive-thru window). Based upon the trial court's cautionary jury instructions and the strong evidence of defendant's guilt, it is highly unlikely that any of the alleged prosecutorial misconduct affected the outcome of the trial. *Unger*, 278 Mich App at 235.

Defendant's argument that the prosecutor engaged in misconduct by asking defendant whether he had "testified about it [the evidence] in different hearings" and had "been crafting some of your testimony as you go along?" also fails. "[I]f a defendant chooses to testify in his own defense, he opens himself to cross-examination to test his credibility." *People v Lane*, 127 Mich App 663, 667; 339 NW2d 522 (1983). The prosecutor properly questioned defendant about his prior testimony to challenge his credibility.

Defendant's argument that the prosecutor engaged in misconduct by asking defendant if he had any proof to support his claims that he lived only part time at Darbe's house and that he got a score of 30 on his ACT, similarly fails. Defendant failed to establish how questions about where he lived and his ACT score prejudiced him or affected the trial's outcome. These issues were not important for the determination of defendant's guilt or innocence but could have been relevant to show his credibility. The prosecutor's questions on these subjects in no way shifted the burden of proof of defendant's guilt or innocence to defendant.

## IV. ADMISSION OF EVIDENCE

Finally, defendant appears to argue that because the trial court ruled that evidence of defendant's conviction for the Mr. B's robbery was not admissible to impeach him under MRE 609, it should have excluded Moultrup's earlier testimony about the Mr. B's robbery. This Court reviews evidentiary issues for an abuse of discretion. *Unger*, 278 Mich App at 216.

As previously discussed, Moultrup did not testify that defendant had a prior conviction for robbery or that defendant was involved in the Mr. B's robbery. Moultrup stated only that "[m]e and three other associates" robbed a drug dealer at Mr. B's. The trial court ruled that evidence of defendant's involvement in the Mr. B's robbery was not admissible under MRE 609 for impeachment purposes, and both attorneys complied with the court's ruling. Defendant has not established that the trial court's evidentiary decision fell outside the range of reasonable and principled outcomes. *Id.* at 217. Even if Moultrup had testified that defendant was involved in the Mr. B's robbery, the result of the trial would not have been different in light of the cautionary instructions to the jury and the strong evidence of defendant's guilt.

Accordingly, defendant has failed to state a basis for reversing his convictions or granting him a new trial.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael J. Talbot
/s/ Jane M. Beckering